IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIM. CASE NO. 2:12-cr-32-ECM |
| | ) | [WO] |
| TERRY DON NORTHCUTT | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is Defendant Terry Don Northcutt ("Northcutt") *pro se* motion for compassionate release. (Doc. 114). Northcutt contends that he is entitled to compassionate release because he is over 70 years old and has served over 10 years in prison. The United States opposes the motion, arguing that Northcutt has not exhausted his administrative remedies and, in any event, that he does not meet the statutory criteria for compassionate release. (Doc. 117). The motion is ripe for resolution. Upon consideration of the motion, and for the reasons that follow, the Court concludes that Northcutt's motion is due to be denied.

**DISCUSSION**

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010). Pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, the Court may reduce a sentence and grant compassionate release when a defendant demonstrates that (1) he has exhausted his available administrative remedies; (2) either "extraordinary and compelling reasons" warrant a sentence reduction, or "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the

Federal Bureau of Prisons ("BOP") has determined the defendant is not a danger; and (3) the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021) ("Section 3582(c)(1)(A) allows a sentence reduction only if 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'").

The applicable policy statement is found in U.S.S.G. § 1B1.13. Pursuant to § 1B1.13, a district court may reduce a sentence if, "after considering the factors found at 18 U.S.C. § 3553(a), to the extent they are applicable," the court determines: (1) there is an extraordinary and compelling reason for release; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with the policy statement. U.S.S.G. § 1B1.13; *see also United States v. Handlon*, 97 F.4th 829, 831–82 (11th Cir. Apr. 3, 2024) (per curiam). Two provisions in § 1B1.13 permit a district court to reduce a sentence based on a defendant's advanced age. First, the Court may grant compassionate release to a defendant who, among other criteria, is at least 70 years old and has served at least 30 years in prison. U.S.S.G. § 1B1.13(a). Second, the Court may grant compassionate release under the "extraordinary and compelling reasons" category if the defendant is "(A) at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13(b)(2).

Thus, in applying § 1B1.13, the Court "considers a defendant's specific circumstances, decides if he is dangerous, and determines if his circumstances meet any of the . . . reasons that could make him eligible for a reduction." *Bryant*, 996 F.3d at 1254. If the defendant is dangerous or his "circumstances do not match any of the [§ 1B1.13] categories, then he is ineligible for a reduction." *Id.* "[D]istrict courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Id.* at 1262. Additionally, as indicated above, a defendant may move for such a reduction only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Northcutt's motion for compassionate release is due to be denied for several reasons, the first being his failure to show that he exhausted his administrative remedies before he filed the instant motion in this Court. He does not even assert, let alone show, that he submitted a request to the warden of his facility, or that he filed the instant motion after 30 days had passed since the warden received his request. *See id.* His failure to show that he exhausted his administrative remedies is an adequate and independent basis to deny his motion for compassionate release. *See United States v. Lee*, 848 F. App'x 872, 875 (11th Cir. 2021) (per curiam) (holding that the district court did not err in denying the defendant's motion for compassionate release on the grounds that the defendant failed to exhaust

3

administrative remedies);[1] *see also United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021) (explaining that the absence of one of § 3582(c)(1)(A)'s conditions precludes a sentence reduction).

Even if he had exhausted his administrative remedies, Northcutt still is not entitled to relief because he does not meet the criteria for compassionate release based on age. He does not meet the criteria in § 1B1.13(a)—or § 3582(c)(1)(A)(ii)—because he has not served at least 30 years in prison. He also does not meet § 1B1.13(b)(2)'s criteria because he has not argued, let alone shown, that he "is experiencing a serious deterioration in physical or mental health because of the aging process." Thus, he has not demonstrated that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A). For this additional, independent reason, Northcutt's motion for compassionate release is due to be denied. *See Tinker*, 14 F.4th at 1237–38.

## CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Northcutt's motion for compassionate release (doc. 114) is DENIED.

Done this 18th day of December, 2024.

                                            /s/ Emily C. Marks
                                          EMILY C. MARKS
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] While the Court acknowledges that *Lee* is nonbinding, the Court finds its analysis persuasive.